*E-FILED - 7/29/05*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLLY A. FORT, NATHAN M. FORT, MADISON MEWBORN, a minor by and through her Guardian ad Litem, ROBERT B. FORT,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SAN BENITO; et al,<br>　　　　Defendants. | Case No.: C-03-03587-RMW<br><br>ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OF MINOR MADISON MEWBORN |

　　　The petition of ROBERT B. FORT, hereinafter referred to as "Petitioner", for approval of the proposed compromise of disputed minor as to minor, MADISON (RMW) MEWBORN against COUNTY OF SAN BENITO, hereinafter referred to as "Payor", in Dept. 6 of the above entitled Court.  Upon the evidence introduced the Court finds that the facts set forth in said petitioner are true and that it is for the best interests of the minor that said claim be compromised be entered for the amount hereinafter stated as to said minor and that the proceeds of such Judgment be paid and used in the manner hereinafter specifically provided:

**IT IS THEREFORE ORDERED:**

ORDER APPROVING COMPROMISE OF DISPUTED CLAIM FOR MADISON MEWBORN
Case: C03 03587-RMW1

1. That Judgment on Stipulation For Settlement by COUNTY OF SAN BENITO is hereby approved, including "Payor's" payment of the sum of one hundred ten thousand dollars ($110,000.00) being the total sum herein approved in the manner provided for MADISON MEWBORN payable by "Payor" as follows:

   A) The sum of $110,000.00 is to be utilized for the purchase of a structured settlement annuity funded through Ringler and Associates, (attached herein as Exhibit "1") in the name of Petitioner, ROBERT B. FORT, as trustee for minor, MADISON MEWBORN, not to be withdrawn until June 25, 2013 without order of the Court first being obtained.  The monies are not be used for minor's necessities of life while she is a minor unless otherwise ordered by the court.  It is further ordered that no bond be required of Petitioner when serving as trustee of such funds; and

   B) A breakdown of the total settlement and disbursal as indicated in the Petition for Minor's Compromise of Disputed claim of Minor (MADISON MEWBORN) at paragraph 18, dated July 7, 2005 is approved.

2. Upon entry of this order, the Order Approving Compromise of Disputed Claim of minor MADISON MEWBORN, the full amount of sums approved therein and the deposit of those funds, Petitioner is hereby authorized and directed to have Plaintiffs' attorneys file a dismissal of the pending action(attached herein as Exhibit "2" is a copy of the Full and Final Release of all Claims) as the COUNTY OF SAN BENITO and the employee defendants other than the COUNTY OF SAN BENITO and provide a copy of the same to

1 | defendants' counsel.
2 | 3.  A copy of this Order shall be delivered to the manager of
3 | the bank, trust company, savings and loan association or
4 | financial institution together with the sum to be deposited
5 | therein, and written receipt of said bank, trust company, or
6 | savings and loan association or financial institution
7 | acknowledging receipt of said sum shall forthwith be filed with
8 | the County Clerk.

**IT IS SO ORDERED.**

The Court finds the net amount paid to the minor plaintiff to be reasonable and, therefor, approves the attorney's fees as allocated to the minor's share.  The Court expresses no opinion as to the the amount of attorney's fees paid by the adult plaintiffs.

Dated: __7/27/05_____      ____/S/ RONALD M. WHYTE_____
                                    HONORABLE RONALD M. WHYTE

ORDER APPROVING COMPROMISE OF DISPUTED CLAIM FOR MADISON MEWBORN
Case: C03 03587-RMW3



**RINGLER ASSOCIATES**
(916) 386-2601
(800) 322-7585
Fax (916) 386-0826

July 7, 2005

*Via Facsimile (916) 631-7112*

J. Larry Kennedy
CSAC EXCESS INSURANCE AUTHORITY
3017 Gold Canal Drive
Rancho Cordova, CA 95670

Re:  *Madison Mewborn aka Fort*

Dear Mr. Kennedy:

This is to confirm that the parties have agreed to settle this matter and an annuity will be purchased on behalf of Madison Mewborn, which will provide the following future periodic payments:

   $10,000 per year beginning 06/23/2013 through 06/23/2017
   $75,000 lump sum payable on 06/23/2020
   $101,693.17 lump sum payable on 06/23/2025

The total cost for the annuity is $110,000. Please request a check be issued in this amount, payable to Hartford CEBSCO (W-9 attached). In order to preserve these current rates, the check must be received by our office no later than July 28, 2005.

Finally, it is our understanding that the Settlement Agreement and Release and Addendum are being circulated for execution by the parties. Attached please find the Uniform Qualified Assignment and Release. We are requesting this too be circulated for signatures and the *original* returned to our office with a copy of the fully executed Settlement Agreement and Release, Addendum to same and Order Approving Minor's Compromise.

Thank you for allowing us to work with you on this case. Should you have any questions, with regard to the foregoing, please do not hesitate to call me. I look forward to hearing from you.

With kindest regards,
**RINGLER ASSOCIATES**
GERALD L. BERGEN
CA Insurance License No. 0667227

cc:  See Facsimile Cover

Member National Structured Settlements Trade Association
7801 FOLSOM BLVD., SUITE 108 • SACRAMENTO, CA 95826
CA Insurance License No. 0667227

Atlanta, Baltimore, Bedford (NH), Birmingham, Boston, Buffalo, Charlotte, Chicago, Cincinnati, Cleveland, Dallas/Fort Worth, Denver, Detroit, Fort Lauderdale/Miami, Hartford, Honolulu, Houston, Indianapolis, Kansas City, Laguna Hills (CA), London, Medford (NJ), Minneapolis, Morristown (NJ), New Orleans, New York, Newport Beach (CA), North Andover (MA), Omaha, Orlando, Philadelphia, Phoenix, Pittsburgh, Portland (ME), Providence, Sacramento, Salt Lake City, San Francisco, San Francisco (Bay Area), Seattle, St. Louis, St. Petersburg (FL), Tampa, Washington, DC

SECURITIES OFFERED THROUGH PSC SECURITIES CORPORATION,
A REGISTERED BROKER DEALER, MEMBER NASD AND SIPC

JUL 11 2005 2:12PM   HP LASERJET 3200
JUN 22 2005 11:59AM   HP LASERJET 3200
JUN-22-2005 WED 10:36 AM   RINGLER ASSOC-SACTO                  ☎916 386 0828    P. 002/005

Case5:03-cv-03587-RMW   Document79   Filed07/29/05   Page5 of 11

 **RINGLER ASSOCIATES**



### SETTLEMENT PROPOSAL FOR MADISON MEWBORN
Date of Birth: 06/23/1995
Funding Date: 08/01/2005

#### HARTFORD LIFE INSURANCE COMPANY
*RATED A+, CLASS SIZE XV BY A.M. BEST COMPANY*

| PLAN I | GUARANTEED | COST |
|---|---|---|
| **AGE 18 THROUGH AGE 21**<br>$10,000 per year beginning<br>06/23/2013 through 06/23/2017<br>(5 payments) | $ 50,000 | $ 33,010.67 |
| **AGE 25**<br>$75,000 lump sum<br>payable on 06/23/2020 | $ 75,000 | $ 37,466.89 |
| **AGE 30**<br>$101,693.17 lump sum<br>payable on 06/23/2025 | $101,693.17 | $ 39,522.44 |
| **TOTAL** | $226,693.17 | $110,000.00 |

*Prepared by Ringler Associates, Sacramento on 06/22/2005. This proposal expires 08/01/2005.*

# FULL AND FINAL RELEASE OF ALL CLAIMS

1. The COUNTY OF SAN BENITO, DONNA ELMHORST (sued as Donna Elmhurst), LEE COLLINS, REBECCA PEREZ-OCHOA (sued as "Rebecca Ochoa-Perez), LUCY PEREZ, EDWARD ACKRON (sued as "Edward Akron") and MARILYN COPPOLA (collectively "Defendants") shall pay to NATHAN M. FORT, MOLLY A. FORT and MADISON MEWBORN, by and through her Guardian Ad Litem, Robert B. Fort, (Plaintiffs) the total sum of One Million One Hundred Twenty-Five Thousand Dollars ($1,125,000.00) in full settlement and compromise of this action (Case No. C03-03587-RMW filed in the Untied States District Court for the Northern District of California), and in release and discharge of any and all claims and causes of actions made in this action and arising out of the events or incidents referred to in the pleadings, including those contained in any governmental tort claims filed in connection with any of the events or incidents referred to in the pleadings in this action.

2. Plaintiffs agree to accept this sum in full settlement and compromise of the action and agree that such payment shall fully and forever discharge and release all claims and causes of action, whether now known or now unknown, which Plaintiffs have against any and all of the above-named Defendants, their employees, agents, officials, attorneys and all other persons, firms or corporations (collectively "Releasees") related to them arising out of the incidents referred to in the pleadings in this action.

3. It is understood and agreed that this release shall apply to any and all claims for unknown, unsuspected or unanticipated injuries and/or results from injuries (including death) which might be asserted by the Plaintiffs, as well as to those now disclosed. The Plaintiffs hereby expressly waive the provisions of California Civil Code Section 1542, which section has been fully explained to the Plaintiffs by their attorneys.

4. Plaintiffs further agree that they hereby authorize their attorneys to execute a dismissal with prejudice of the action.

5. The Plaintiffs agree and understand that they will fully assume all individual tax obligations, if any, on their respective sums, and that they shall be exclusively liable for their individual payments of all federal, state and local taxes which may be determined to be due as a result of the sums received. The COUNTY OF SAN BENITO will issue an IRS 1099 Tax Reporting Form, or any other appropriate tax forms, to the Plaintiffs' attorney for the entire sum of their respective settlement amounts. The Plaintiffs each further agree and hereby represent that each shall pay such individual tax amounts owed, if any, at the time and in the amount required of them. In addition, the Plaintiffs agree to fully indemnify and hold harmless the Releasees from payment of any and all taxes, interest or

penalties that are required by any governmental taxing agency at any time as a result of any payment or consideration paid pursuit to this agreement. The Plaintiffs further acknowledge that neither the COUNTY, nor any of the above-named individual Defendants, nor their attorneys, has made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid pursuant to this agreement.

6. Plaintiffs shall protect and indemnify the Releasees against any and all liens, subrogation claims, and other rights that may be asserted by any person against the amount paid in settlement of this action or against any recovery by the Plaintiffs in the action. The Plaintiffs agree as further consideration and inducement for this release and payment that they will satisfy any liens relating in any manner to the alleged damages and/or conditions which are the subject of this action only from the proceeds of this settlement. These liens include, but are not limited to, claims of governmental entities, Medi-cal or Medicare, and liens for worker's compensation or insurance liens.

7. Plaintiffs shall also protect and indemnify the Releasees against any and all claims of any type related to or arising out of the events or incidents referred to in the pleadings in case No. C03-03587-RMW that may be asserted by Michael Mewborn.

8. Incorporated by reference, and explicitly made a part of this release, is the stipulation for settlement, with attachment "A", entered into on May 20, 2005. This stipulation for settlement, with the attachment, is attached to this release and made a part thereof. By signing this release, the Plaintiffs have removed the contingency referred to in paragraph one of Exhibit "A".

9. This agreement shall be binding upon the heirs, executors, administrators, and assigns of the Plaintiffs.

10. It is further understood and agreed that this settlement is a compromise of disputed claims, and the payment and acceptance of payment provided for in this release is not to be construed as an admission of liability by any party, at any time, for any purposes, which liability is expressly denied.

11. The parties understand that Defendants are a public entity and public employees. Therefore, this settlement is a public record. The Plaintiffs and their attorneys, however, agree that they shall not discuss or otherwise disclose the sum of this settlement agreement with any third party, with the exception of legal or tax advisors to the Plaintiffs, or to the plaintiffs' attorneys, or as otherwise may be required by law.

12. If any part of this agreement shall be determined to be illegal, invalid or unenforceable, the remaining parts shall not be affected thereby, and the illegal, invalid or unenforceable parts shall not be part of this agreement.

_____
NATHAN M. FORT

_____
MOLLY A. FORT

_____
ROBERT B. FORT
Guardian Ad Litem for MADISON MEWBORN

Approved As To Form

_____
DONNIE R. COX
Attorney for Plaintiffs

12. If any part of this agreement shall be determined to be illegal, invalid or unenforceable, the remaining parts shall not be affected thereby, and the illegal, invalid or unenforceable parts shall not be part of this agreement.

_____
NATHAN M. FORT

_____
MOLLY A. FORT

_____
ROBERT B. FORT
Guardian Ad Litem for MADISON MEWBORN

Approved As To Form

_____
DONNIE R. COX
Attorney for Plaintiffs

JUL 11 2005 2:12PM   HP LASERJET 3200
JUN 22 2005 11:59AM  HP LASERJET 3200                                     P.
JUN-22-2005 WED 10:36 AM  RINGLER ASSOC-SACTO        ☎916 386 0826        p.4
                                                                       P. 004/005

## ADDENDUM TO FULL AND FINAL RELEASE OF ALL CLAIMS

**Payments:**

1.0  It is further agreed that for consideration set forth, County of San Benito agrees to make the following payments in the sums outlined in this section below:

   1.1  Periodic payments to MADISON MEWBORN ("Payee") made according to the schedule are as follows (the "Periodic Payments"):

   $10,000 per year beginning 06/23/2013 through 06/23/2017
   $75,000 lump sum payable on 06/23/2020
   $101,693.13 lump sum payable on 06/23/2025

   All sums set forth herein constitute damages on account of physical injuries and sickness, with in the meaning of Section 104 (a) (2) of the Internal Revenue Code of 1986, as amended.

2.0  **Payee's Rights to Payments**

   Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Payee; nor shall the Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

3.0  **Payee's Beneficiary**

   Any payments to be made after the death of the Payee pursuant to the terms of this agreement shall be made to the Estate of Madison Mewborn. If no person or entity is so designated, or the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No changes in such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

4.0  **Consent to Qualified Assignment**

   4.1  Payee acknowledges and agrees that County of San Benito will make a "qualified assignment" within the meaning of Section 130 (c), of the Internal Revenue Code of 1986, as amended, of its liability to make the Periodic Payments set forth in Section 1.1 to Hartford CEBSCO, ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of County of San Benito (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

JUL 11 2005 2:13PM    HP LASERJET 3200
SENT BY: UEC;                          831 635 0909;        JUN-22-05  3:21PM;         PAGE 3/3
 JUN 22 2005 11:59AM  HP LASERJET 3200                                                    P.7
  JUN-22-2005 WED 10:37 AM  RINGLER ASSOC-SACTO             2916 386 0826             P. 005/005

4.2 Such assignment, when made, shall be accepted by the Payee without right of rejection and shall completely release and discharge County of San Benito from the Periodic Payments obligation assigned to the Assignee. The Payee recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of County of San Benito shall thereupon become final, irrevocable and absolute.

**5.0  Right to Purchase an Annuity**

County of San Benito, itself and through its Assignee, reserves the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Hartford Life Insurance Company. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Hartford Life Insurance Company mail payments directly to the Payee.

**6.0  Discharge of Obligation**

The obligation of County of San Benito or the Assignee to make the Periodic Payments shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee named in Section 1.1 of this Addendum to Full Receipt and Release. The Payee shall be responsible for maintaining a current mailing address and mortality information to Hartford Life Insurance Company.

**7.0  Effectiveness**

This Settlement Agreement shall become effective immediately following execution by each of the parties and entry of the Order Approving Disputed Claim of Minor.

Date: June 22, 2005

_____
ROBERT B. FORT as Guardian ad Litem for
MADISON MEWBORN, a minor

APPROVED AS TO FORM AND CONTENT:

Date: 6/22, 2005                LAW OFFICES OF DONNIE R. COX

                                By: _____
                                    DONNIE R. COX, ESQUIRE